IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § § § | 1:13-CR-51 |
| AMADOR SALDANA | | |

## REPORT AND RECOMMENDATION

On October 7, 2016, the Government filed a motion for preliminary forfeiture of property seeking forfeiture of the Defendant's interest in: 1) a sum of money equal to fifteen-million dollars ($15,000,000.00) in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One, conspiracy to distribute and to possess with intent to distribute fuve kilograms or more of a mixture or substance contiaing a detectable amount of a Scheule II controlled substance, namely, cocaine HCL (joint and several with co-conspirators Cesar Barrera and Fernando Garza); 2) real property located at 1699 Alcabuz St., Roma, TX, described as Lot 32, El Bosque sub-unit #2 Escandon Trace, Inc., Starr County, TX; 3) real property described as all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, commonly known as 48.9 acres on Guerrero Road, Texas and more particularly described as: The surface and the surface only in and to forty-eight and 9/10 (48.9) acres of land out of share no. ninety (90), of portion no. seventy-six (76), ancient jurisdiction of mier, now situated in Starr County, Texas together with all improvements and situated therein; and 3) personal property consisting of a 2010 Ford F-350 bearing VIN: 1FTWW3DR7AEA10399, bearing Texas registration Z1X799. (Doc. No. 44.) The Honorable Chief Judge Marcia Crone entered a Preliminary Order of Forfeiture on October

11, 2016. (Doc. No. 45.)

On February 27, 2017, Starr County Farm to Market Road, Starr County Drainage District, Starr County Memorial Hospital District, City of Roma, and Roma I.S.D., ("Taxing Authorities"), Petitioners, filed a petition asserting an interest in the above described 48.9 acres of real property on Guerrero Road.[1] (Doc. No. 66.) On March 1, 2017, Judge Crone referred this petition to the undersigned for consideration and a determination or recommended disposition. (Doc. No. 68.)

On March 7, 2017, the Taxing Authorities and the Government filed a Joint Stipulation as to their petition for adjudication of their interest in the land being forfeited. (Doc. No. 70.) The stipulation is signed by the Taxing Authorities and counsel for the Government. (Id.) It states that the parties agree that: the land is subject to forfeiture; the Taxing Authorities have a valid interest in the land, including ad valorem taxes owed, penalties, and interest; the Taxing Authorities will release and hold harmless the Government from claims by them relating to the land; and the Taxing Authorities agree to the entry of a final order of forfeiture forfeiting the property to the Government and providing for payment of the Taxing Authorities' interest in the land after payment of the costs incurred in selling the land. (Id.)

For these reasons, the undersigned recommends that the Taxing Authorities' petition in interest be GRANTED.

---

[1] Title 21, United States Code, Section 853(n) recognizes certain third-party interests in assets that are subject to forfeiture. Specifically, Section 853(n)(6) requires a district court to amend its order of forfeiture if a petitioner can demonstrate either of the following: (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. See 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. See Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of March, 2017.

_____
Zack Hawthorn
United States Magistrate Judge